UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FREDERICK SEEKINS,

      Petitioner,                                           Case No. 20-cv-13434
                                                                     Hon. Matthew F. Leitman
v.

DAVE SHAVER,

      Respondent.
_____/

**ORDER (1) DENYING PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1), (2) DENYING CERTIFICATE OF APPEALABILITY, AND (3) GRANTING LEAVE TO APPEAL IN FORMA PAUPERIS**

In 2002, Petitioner Frederick Seekins was charged in the Oakland Circuit Court with first and second-degree criminal sexual conduct in connection with the sexual assault of a young boy. After Seekins posted bond, he fled the state. Several years later, authorities located and arrested Seekins in Utah. They then brought Seekins back to Michigan to stand trial. In 2015, Seekins pleaded no contest to reduced charges of second and third-degree criminal sexual conduct, and the state trial court sentenced him to 3-22½ years' imprisonment.

On December 22, 2020, Seekins filed a petition for a writ of habeas corpus in this Court. (*See* Pet., ECF No. 1.) Seekins contends that he was denied the effective assistance of counsel when his attorney informed him that he faced a maximum

1

sentence of only three years if he pleaded guilty. (*See id.*) The Court has carefully reviewed the petition and, for the reasons explained below, it concludes that Seekins is not entitled to habeas relief. Therefore, the Court **DENIES** the petition. The Court also **DENIES** Seekins a certificate of appealability. However, it **GRANTS** him leave to proceed *in forma pauperis* on appeal.

# I

## A

At Seekins' 2002 preliminary examination, the complainant testified that in the Summer of 1995, when the complainant was twelve years old, he was sleeping at a friend's house when Seekins, his friend's uncle, sedated him, fondled his genitalia, and sexually assaulted him. (*See* 11/7/2002 Exam Tr., ECF No. 8-2, PageID.409-421.) Seekins was then bound over for trial on charges of first and second-degree criminal sexual conduct and with being a second-time habitual felony offender. (*See id.* PageID.430.) Seekins subsequently skipped bail and was not found and returned to Michigan to stand trial until 2014. (*See* 4/15/2015 Sent Tr., ECF No. 8-4, PageID.452.)

On the day scheduled for trial, Seekins' counsel indicated that the parties had reached a plea agreement. (*See* 2/26/2015 Plea Tr., ECF No. 8-3, PageID.434.) Seekins agreed to plead no contest to the reduced charges of second and third-degree

criminal sexual conduct in exchange for dismissal of the first-degree charge. (*See id.* PageID.435.)

Seekins was then placed under oath. He confirmed that he discussed the plea agreement with his attorney. (*See id.*, PageID.438.) He also acknowledged his understanding that he would be pleading no contest to the two offenses. (*See id.*, PageID.438-439.) Seekins then indicated that he understood that "the most time [the court could] give [him was] up to fifteen years in prison," and the least amount of time was probation. (*See id.*). Seekins further acknowledged that the court had not made any representation about what the actual sentence would be. (*See id.*, PageID.439.) Seekins said that he understood the plea agreement, and he did not have any questions about it. (*See id.*)

The state trial court then informed Seekins of his trial rights, and Seekins agreed to waive them. (*See id.*, PageID.440-441.) Seekins then acknowledged that he was giving up the right to claim that his plea was the result of "any promises or threats that were not disclosed to the court, other than the … discussions [the court and Seekins] had about [his] plea." (*Id.*, PageID.441-442.) Seekins also denied that anyone had threatened him in any way to obtain his plea. (*See id.*, PageID.442.)

The court then clarified that "because of [Seekins'] priors" it could actually sentence him to a term of imprisonment of "up to 22½ years in prison on count 2." (*Id.*, PageID.443.) Seekins asked whether that maximum sentence applied to both

3

counts, and the court confirmed that it did. (*See id.*) The parties also denied knowing of any other promises, threats, or inducements other than those stated on the record. (*See id.*) Based on Seekins' responses to the court's questions, the court found that Seekins entered his plea freely, voluntarily, and accurately. (*See id.*)

At sentencing, Seekins' counsel asked for a sentence "in the range of 36 months or three years to the twenty-two and a half." (*See id.*, PageID.459.) Seekins apologized to the victim, and Seekins never indicated that he had a different understanding of the sentence he faced. (*See id.*, PageID.460-461.) The state trial court then sentenced Seekins to 3-22½ years of imprisonment. (*See id.*)

B

After the time for filing a direct appeal expired, Seekins filed a motion for relief from judgment in the state trial court. (*See* St. Ct. Mot., ECF No. 8-5.) He asserted that his plea was involuntary because his trial counsel had informed him that he faced a maximum of three years in prison. (*See id.*) The state trial court denied Seekins' motion in a written order dated May 31, 2016. (*See* St. Ct. Order, ECF No. 8-6.) The court concluded that Seekins was informed and acknowledged at the plea hearing that he faced a maximum sentence of 22½ years. (*See id.*, PageID.511-512.) The court further noted that Seekins expressly waived any claim of a promise or understanding other than what was placed on the record during his plea hearing. (*See id.*, PageID.511-512.)

4

Seekins, through appointed appellate counsel, filed an application for leave to appeal that decision in the Michigan Court of Appeals. That court denied leave "because [Seekins] ha[d] failed to establish that the trial court erred in denying the motion for relief from judgment." (*See* Mich. App. Ct. Order, ECF No. 8-7, PageID.513.) Seekins then filed an application for leave to appeal in the Michigan Supreme Court. That court denied the application in a standard form order. (*See* Mich. Sup. Ct. Order, ECF No. 8-8, PageID.628.)

On December 22, 2020, Seekins filed his current habeas corpus petition in this Court. (*See* Pet., ECF No. 1.) In the petition, Seekins raises raising the same ineffective assistance claim that he presented to the state courts. (*See id.*)

## II

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires federal courts to uphold state court adjudications on the merits unless the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

5

III

A

As described above, Seekins seeks habeas relief on the ground that his trial counsel's deficient advice regarding his sentencing exposure rendered his plea involuntary. A petitioner who challenges the voluntariness of a plea on the basis of ineffective assistance of counsel must satisfy the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Hill v. Lockhart*, 474 U.S. 52, 58 (1985). Under that standard, a petitioner must show that his counsel's performance "fell below an objective standard of reasonableness." *Id*. at 57. The petitioner must also establish prejudice from his counsel's deficient performance. *See id*. In claims arising out of a plea, a petitioner satisfies this prejudice prong by showing "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty [or no contest] and would have insisted on going to trial." *Id*. at 59.

Finally, like the claim here, federal claims of ineffective assistance of counsel that have been adjudicated on the merits by a state court are subject to both the deferential *Strickland* standard described above and to the deferential standard of AEDPA. *See Tackett v. Trierweiler*, 956 F.3d 358, 373 (6th Cir. 2020) (describing *Strickland* standard in context of habeas petition). "The question is not whether a federal court believes the state court's determination under the *Strickland* standard

6

was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Id.* (internal punctuation and citation omitted).

### B

In his ineffective assistance claim, Seekins asserts that his trial counsel incorrectly advised him regarding his sentencing exposure. He supports that claim with his own affidavit in which he states that his attorney told him the maximum possible prison sentence he faced by pleading guilty would be three years. (*See* Seekins Aff. at ¶1, ECF No. 1-1, PageID.119.) Seekins further acknowledges in the affidavit that he was informed at the plea hearing that he could receive 22½ years, but he states "I thought I was only serving three years total." (*Id.* at ¶2, PageID.119.)

Seekins raised this claim in his motion for relief from judgment, and the state trial court rejected it by noting that Seekins' allegations were contradicted by the plea colloquy. (*See* St. Ct. Order, ECF No. 8-6.) The Michigan appellate courts then affirmed that determination. (See Orders, ECF No. 8-7, PageID.513; ECF No. 8-8, PageID.628.)

Seekins has not shown that the state court adjudication of this claim was contrary to, or involved an unreasonable application of, clearly established federal law. In general, a defendant is "bound to the answers [he] provides during a plea colloquy." *Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir. 1999). And here, as described above, the terms of the plea agreement—a charge reduction—were placed

7

on the record during Seekins' plea colloquy. The state trial court then informed Seekins of a maximum possible 22½-year term, and the court indicated it had not made any representation of what the actual sentence would be. Seekins further indicated he understood the court's description of the possible maximum punishment, and he stated he had no questions. Under these circumstances, and given Seekins' sworn admission at the plea hearing, Seekins has not shown that the state court unreasonably applied clearly established federal law when it rejected his claim that, due to counsel's ineffective assistance, his plea was not knowing and voluntary. Seekins is therefore not entitled to federal habeas relief on this claim. *See, e.g.*, *McAdoo v. Elo*, 365 F.3d 487, 497 (6th Cir. 2004) (affirming denial of habeas relief on petitioner's claim that his "guilty plea was not knowing and voluntary because he was misinformed by his attorney about the consequences of his plea" based on answers petitioner provided during his plea colloquy); *Ramos*, 170 F.3d at 565-66 (same).

## III

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless the Court issues a certificate of appealability under 28 U.S.C. § 2253. A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that

reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court **DENIES** Seekins a certificate of appealability because jurists of reason could not debate the Court's conclusion that Seekins failed to demonstrate an entitlement to habeas relief on his claim.

Although the Court declines to issue Seekins a certificate of appealability, the standard for granting an application for leave to proceed *in forma pauperis* on appeal is not as strict as the standard for certificates of appealability. *See Foster v. Ludwick*, 208 F.Supp.2d 750, 764 (E.D. Mich. 2002). While a certificate of appealability requires a substantial showing of the denial of a constitutional right, a court may grant *in forma pauperis* status on appeal if it finds that an appeal is being taken in good faith. *See id*. at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R. App. 24 (a). Although jurists of reason would not debate this Court's resolution of Seekins' claim, an appeal could be taken in good faith. Therefore, Seekins may proceed *in forma pauperis* on appeal.

## IV

Accordingly, for all the reasons stated above, the Court:

(1) **DENIES WITH PREJUDICE** Seekins' petition for a writ of habeas corpus (ECF No. 1);

(2) **DENIES** Seekins certificate of appealability; and

(3) **GRANTS** Seekins permission to appeal *in forma pauperis*.

**IT SO ORDERED.**

                                                  s/Matthew F. Leitman
                                                  MATTHEW F. LEITMAN
                                                  UNITED STATES DISTRICT JUDGE

Dated: October 14, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 14, 2022, by electronic means and/or ordinary mail.

                                                  s/Holly A. Ryan
                                                Case Manager
                                                (313) 234-5126